OXLEY v. ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY CO., APPELLANT.

|  |  |
|---|---|
| 65 | 629 |
| 54a | 408 |
| 65 | 629 |
| 57a | 559 |
| 65 | 629 |
| 74a | 412 |

1. **Common Carrier**: SPECIAL CONTRACT: PLEADING. Although a common carrier can not by a special contract exempt himself from liability for his own negligence, yet in an action against him, the gravamen of which is negligence in the transportation of live stock, whereby one of the animals escaped, or was stolen, it is competent for him to plead by way of special defence, in connection with the general issue, that he had a special contract with plaintiff that plaintiff should accompany and take care of the stock, and defendant should not be liable for loss by escape from any cause whatever, and that plaintiff did accompany, but failed to take care of the stock. Such a contract will not exempt the carrier from liability for an escape occuring through his own negligence; but the mere fact of plaintiff's action sounding in tort does not forbid its being pleaded.

2. ————: PRACTICE. When in such a case, on motion of plaintiff, the court has stricken out of the answer a count setting up a special contract that in case of loss plaintiff would give notice in writing to the defendant within a certain time and that defendant had failed to give such notice, it is error for the court, upon the trial, to permit the plaintiff to make proof that defendant had waived such notice.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

*Wells H. Blodgett* for appellant, cited, in addition to the authorities quoted by the court, *Lewis v. Great Western R. R. Co.*, 5 Hurl. & Norm. 865; *Express Co. v. Caldwell*, 21 Wall. 264.

*S. Carkener & R. H. Mansfield* for respondent.

1. The petition in this case is based on an alleged breach of defendant's public duty as a common carrier —

sounds in *tort*, for negligence, against which defendant can not contract. Such being the case, the alleged special contract was irrelevant and was properly stricken out of the answer. *Levering v. Union Transfer Co.* 42 Mo. 88; *Union Railway Co. v. Traube,* 59 Mo. 355; *Clark v. St. L. K. C. & N. R. R. Co.* 64 Mo. 440; *Ketchum v. A. M. U. Ex. Co.* 52 Mo. 390; *Wolf v. A. Ex. Co.* 43 Mo. 421; *Read v. St. L. K. C. & N. Ry. Co.* 60 Mo. 199.

2. This contract attempts to totally exempt defendant from liability on account of all such matters as are made the basis of this suit. So plaintiff can have no action under the contract. If he has one, it must be outside of and in spite of it. Hence it was not properly pleaded, with respect to plaintiff's obligation under the contract, to take care of the stock, or make his claim for damages within three days. These obligations could affect only a suit brought under the contract. *Welch v. B. & A. Ry. Co* 41 Conn. 333; *Bartlett v. W. U. Tel. Co.* 62 Maine 209.

3. The court properly admitted evidence of the statements of defendant's general freight agent, made when plaintiff made demand for loss of his mule. They are the acts of the defendant. *Malecek v. Tower Grove Ry. Co.* 57 Mo. 17; *Northrup v. Miss. V. Ins. Co.* 47 Mo. 435; *Franklin v. Atlantic Ins. Co.* 42 Mo. 456.

NORTON, J.—It is alleged in plaintiff's petition that in February, 1875, he delivered to the defendant twenty-one mules and one horse, to be carried from Wentzville to St. Louis; that by the negligence and carelessness of the defendant, one of said mules escaped or was stolen from the car while being transported, and was entirely lost to plaintiff. The allegations of the petition were denied in defendant's answer, and a special contract between the plaintiff and defendant was set up therein by way of defense, containing among others, in substance, the following stipulation: That the plaintiff should go with and take care of said freight while on the trip, and load and unload

the same at his own risk and expense; that the defendant should not be responsible for any loss, damage or injury which might happen to said freight in loading, forwarding or unloading, by suffocation or other injury caused by overloading cars, or by escapes from any cause whatever; that defendant should be deemed merely a forwarder, and not a common carrier, and that it should be liable only for such loss, damage or destruction of the freight as might be caused by its gross negligence; that plaintiff agreed to assume all risk of damage or injury to, or escape of, the live stock which might happen to them while in the stock-yards awaiting shipment; and that any claim for damages that might accrue to him under said contract, should be made in writing to the general freight agent of the defendant within three days from the time the live stock should be unloaded or delivered at the point of destination on the route of defendant. Defendant averred performance on its part, and then charged a failure of plaintiff to keep and perform the conditions of said contract on his part, in the following particulars, to-wit: 1st. That plaintiff went free of charge with stock to St. Louis; but to take care of the same while on said trip he wholly failed and refused. 2nd. That to make a claim in writing for any damage that might have accrued to him under said contract to the general freight agent of defendant, within three days after said livestock was unloaded at said city of St. Louis, he wholly failed and refused, &c.

So much of defendants answer as set forth the above special agreement, was on plaintiff's motion stricken out, on the ground that it constituted no defense to the action. This ruling of the court was excepted to by defendant at the time, and is relied upon here as the principal reason for a reversal of the judgment.

Upon the trial, the evidence tended to show that plaintiff, without paying any fare, accompanied the train to take care of his stock; that when the mules were loaded, the car door was closed and fastened with a wooden pin passed

through a staple, and holding a clasp attached to the door; that plaintiff requested defendant's agent to seal the car, but that he failed to do it; that when the train arrived at St. Louis, the car contained but twenty mules and one horse, but as to how, or when, or where one mule had escaped, or been removed from said car, the evidence did not disclose. The court permitted the plaintiff to give in evidence, a conversation had with the defendant's general freight agent, to which the defendant objected, because such testimony was incompetent and irrelevant under the issues as made in the pleadings. The court overruled the objection, and defendant excepted. The defendant offered no evidence, and at the close of the plaintiff's case moved the court to declare, as a matter of law, " That under the pleadings and evidence, the plaintiff was not entitled to recover;" which declaration the court refused, and defendant excepted. The court found a verdict for the plaintiff, and rendered judgment thereon. Defendant filed motion for new trial, which being overruled, defendant excepted, and brings the cause here by appeal.

It is now well settled by numerous decisions of this court, that a common carrier, can by special contract, limit his common law liability, but cannot, by such contract, exempt himself from the consequences of his own negligence. Where a loss or injury to a cargo shipped on a railroad occurs from any of the causes excepted in a bill of lading, or contract made between the parties, in order to relieve the company from liability, it must appear that the exception named is the proximate and sole cause of the damage or loss. If the negligence of the carrier mingles with it, as an active and co-operative cause, the carrier will be responsible. 42 Mo. 88; 52 Mo. 399; *Read v. St. Louis. K. C. & N. R'y Co.*, 60 Mo. 199. In the case last cited, as is contended in the case at bar, the petition was based on an alleged breach of defendant's duty as a carrier, and the defendants pleaded a special contract. If the contract set up in defendant's answer was such an one, as

the law authorized to be made, the mere fact of plaintiff's action sounding in tort would not forbid its being pleaded in the answer. The right of defendant to make such a contract, is established by the cases above cited, and the validity of the stipulations therein contained, that plaintiff would take care of said freight while on the trip, * * * and that claim for damages should be made in writing to the general freight agent within three days from the time of unloading the stock, * * * were upheld and applied in the case of *Rice v. K. P. R. R. Co.*, 63 Mo. 314; see also *Railroad Co. v. Lockwood*, 17 Wall. 357; *Goggin v. K. R'y Co.*, 12 Kans. 416. We, therefore think, the trial court erred in striking out so much of defendant's answer, as averred the special contract relating to these stipulations. The evidence of what the freight agent said to plaintiff at the time he was notified of the loss of the mule, was only admissible for the purpose of proving that the notice in writing required by the contract may have been waived by what was said. This was an issuable matter, and the court by its action in striking out that portion of defendant's answer, setting it up, deprived defendant of all benefit of it, and left no issue to which the evidence could be applied.

It may be well to observe that, notwithstanding the stipulation in the contract that defendant should not be responsible for damages occasioned by escapes from any cause whatever, the defendant would still be liable for an escape occasioned by its negligence, or where such negligence was an active and co-operating cause in producing it. How far the failure of defendant to seal the car, when requested by plaintiff to do so, may have contributed to the escape of the animal, was a question for the jury, and this being so, the court properly refused to instruct that, under the pleadings and evidence, plaintiff could not recover. It may also be well to observe that this case is distinguishable from the case of *Rice v. Kansas Pacific R. R. Co., supra*, in this, that it was there agreed that no

claim for damages should be allowed unless demand was made in writing at the time of or before the stock was unloaded, whereas, in the case before us, it is simply provided that the claim for damages shall be made to the general freight agent in writing within three days from the time the stock was unloaded. We are not prepared to say that the failure of plaintiff to make this claim in the manner and within the time designated, would on that account alone deprive him of his right of action. For the errors above pointed out, the judgment will be reversed and the cause remanded, in which the other judges concur.

REVERSED.