THE SOUTHWESTERN RAILROAD *vs.* MILLIAN.

By putting in evidence as a part of his main case a special written contract, the plaintiff holds forth the contract as pertinent to and connected with his cause of action. If, therefore, the action be by one plaintiff, on an account, when it ought to have been by another plaintiff, on the special contract, or for the specific sum set forth therein, a non-suit may be awarded. .

Contracts. Nonsuit. Evidence. Before Judge CRISP. Sumter Superior Court. October Term, 1878.

Report unnecessary.

S. C. ELAM, for plaintiff in error.

GUERRY & SON, for defendant.

BLECKLEY, Justice.

The action was in favor of the S. W. R. R. Co., upon an account for freight on live stock transported to Americus for the defendant, who was the consignee thereof. The plaintiff, for the purpose of showing that the animals were carried under a special contract in writing varying the ordinary risk which the law puts upon a common carrier, introduced such a contract. The parties to it, however, were

the Central R. R. Co. and the consignor, both of whom signed it, and the contract neither named nor referred to the plaintiff, but was an undertaking by the Central R. R. Co. to carry the animals to its freight station at Americus, and there deliver them to the consignee or his order, the amount chargeable for freight being fixed and specified at so much per car-load. No other express contract appeared in evidence, except one made on the Sabbath day, after the transportation had been completed. A judgment of non-suit was rendered by the court, on the ground that the consignee's liability, if any, was to the Central R. R. Co., and not to the S. W. R. R. Co. The nonsuit was equally correct whether the S. W. R. R. be a branch of the Central R. R. or not, the two companies being distinct corporations, and the special contract having been made by the Central R. R. Co. alone, and it alone seeming from the terms of the instrument to be bound for performance, and entitled to the stipulated compensation. Such part of the transportation as was effected by the S. W. R. R. Co. is to be considered as service rendered by it for the Central R. R. Co., by virtue of some arrangement between them satisfactory to themselves. If the written contract was relevant to the subject matter of the suit for the purpose of measuring risk, it was equally relevant for the purpose of showing in whom was the right of action, and that the freight was not to be adjusted as matter of open account, but was governed by the special contract in writing. The subsequent Sunday contract is, of course, void.

Judgment affirmed.