## THE SOUTHWESTERN RAILROAD *vs.* BRYANT & LOCKETT.

Where a declaration in an action against the Southwestern Railroad for damages to property shipped over the Central Railroad, and thence over the Southwestern Railroad, alleged that they were "connecting roads run and managed by the Central Railroad," it was amendable by striking such allegation.

(*a.*) A declaration, the allegations of which made out a case for recovery against a railroad as the last of a connecting line, was not demurrable, because, as a matter of fact, it may have been leased by another railroad company, which was the real contracting party, If such facts existed, they could not be reached by demurrer.

Railroads.   Amendment.   Demurrer.   Before Judge CRISP.   Sumter Superior Court.   April Term, 1881.

Reported in the decision.

S. C. ELAM, for plaintiff in error.

B. P. HOLLIS;  HAWKINS & HAWKINS, for defendants.

SPEER, Justice.

Bryant & Lockett brought their suit against the Southwestern Railroad Company, seeking to recover damages to to the amount of one thousand dollars.

. The petitioners allege "that on the 22nd day of January, 1881, your petitioners consigned to the Central Railroad at Atlanta, in said state, for shipment by the car-load, twenty-one mules of the value of four thousand dollars, at the price or sum of fifty-five dollars and eighty cents for transportation over said Central and Southwestern Railroad (being connecting roads run and managed by the Central Railroad) to the city of Americus in said county. And petitioners further show that said mules were delivered in good order to the defendant, the Southwestern Railroad Company, at Macon, in Bibb county, in said state, and by them received, in good order, to be transported on the railway and delivered to petitioner, U. S. Lockett, at the Americus depot, in said county, on the said 22d day of January, 1881, by means of which said defendant became liable to your petitioners safely to carry and deliver to your petitioners said twenty-one mules in good order. But the said defendant, wholly neglectful of the duty and responsibility of a common carrier, refused so to convey and deliver the same; but by the carelessness and negligent conduct of its agents and employés, sent said mules to the town of Dawson, in the county of Terrell, in said state, forty miles beyond the said city of Americus, and there kept the same for three or four, five or six days, without attention or feeding, to their injury and the injury of their value five thousand dollars, notwithstanding your petitioner, U. S. Lockett, was at the said depot ready to receive and pay all freight. Petitioners aver that the said mules were purchased for sale in the market of Americus and surrounding country, and petitioners had engaged several of said mules to old customers, and by means of not receiving the said mules they lost their trade to the

value of twenty dollars per mule, and petitioners say the profits on said mules were reasonably worth twenty dollars per mule, and by reason of their failure to get the same they lost the said profits in their business, and also the treatment of your petitioner for six days in and about the getting possession of the same at the value of two dollars per day. Petitioners further show that by the failure to attend and feed said mules they became depreciated in value twenty dollars each, and of which petitioners lost the said sum and value in money. Wherefore petitioners bring suit, etc."

To this declaration defendants demurred, whereupon plaintiffs, by leave of the court, amended their declaration by striking out the words, "being connecting roads, run and managed by the Central Railroad," over the objection of defendants, and after said amendment the court overruled the demurrer, and defendants excepted, and say the court erred, first, in allowing said amendment to be made ; second, in overruling said demurrer to the declaration as amended, and assign the same as error.

We find no error in either of the grounds set forth in this assignment. When the amendment was allowed by the court, as set forth in the record, there can be no doubt, under the pleadings, that a cause of action was fully and distinctly set forth in plaintiffs' writ against the Southwestern Railroad Company. We distinguish this case from that cited by plaintiff in error, and reported in 62 *Ga.*, 607. There the written evidence by the contract showed that the defendant, who was sued by the Southwestern Railroad Company, had made a contract in writing to pay the Central Railroad for the freight charged for the animals transported, and hence the Central, and not the Southwestern, was the one entitled to sue for and recover, and hence on the submission of this evidence a non-suit was properly awarded. But in this case the allegation is that the consignment was made to the Central road at Atlanta for shipment by the car-load over said

Central and Southwestern roads to the city of Americus.

But plaintiff alleges that said stock were delivered in good order to the defendant, the Southwestern Railroad, at Macon, and by the said Southwestern Railroad received in good order, and the damage is alleged to have been done to said stock on the Southwestern Railroad by its agents and employes.

Let the judgment be affirmed.