### SOUTHWESTERN RAILROAD *vs.* THORNTON.

1. The case of *Bryant & Lockett vs. the Southwestern Railroad*, 67 *Ga.*, 212 and 68 *Ga.*, 805, grew out of the same transaction which gave rise to this, and disposes of every question made by this record as to the relative rights and duties of the parties to the contract for transportation.

2. Where one railroad company contracts to transport live-stock over its own roads and a part of the road of another company which is under its control and management, and damage is done to the stock while in the custody of the latter company, through its negligence and inattention, the owner is not confined to suit on the contract against the company making it, but may maintain an action against the company inflicting the injury. The violation of any specific duty, whether it arises from the law or flows from relations created by contract, express or implied, accompanied with damage, gives a right of action; and when the transaction partakes both of the nature of a tort and of a contract, the party complainant may waive the one and rely upon the other.

(*a.*) The plaintiff could elect against which of two wrong-doers he would proceed, and the adjustment of damages between the defendants does not concern him.

October 9, 1883.

Railroads. Damages. Negligence. Torts. Actions. Parties. Before Judge CLARKE. Terrell Superior Court. May Term, 1883.

Thornton brought suit against the Southwestern Railroad, alleging that the defendant as a common carrier, had in its possession for transportation and delivery to plaintiff at Dawson, Georgia, a car load of mules; that it did not do its duty in that regard, and plaintiff was damaged in three ways: First, that the mules were delayed for four days along the route without food or water; second, that the defendant delivered an inferior mule in place of one

of those entrusted to it; and third that two mules were injured.

Defendant demurred to the second item. Plaintiff amended by alleging that defendant would not deliver any of the mules unless he would take the inferior one with the others. The demurrer was overruled.

On the trial, defendant admitted that plaintiff proved the items of damage set out in the declaration, but insisted that, under the contract of shipment (which was drawn from plaintiff and put in evidence by defendant), it was not liable, because the contract was with the Central Railroad, and not the defendant; and because, under it, defendant was not liable for damages occurring before the mules reached Dawson.

It appeared that two car loads of mules were shipped from Atlanta; one for the plaintiff at Dawson, the other for Bryant & Lockett at Americus. By some mistake the cars were missent. Thornton's mules being stopped at Americus and delivered to Lockett, and Bryant & Lockett's mules being carried on to Dawson where plaintiff refused to receive them; and the mistake was discovered and the mules redelivered.

The same transaction has been before the court in 67 *Ga.*, 212, and 68 *Ib.*, 805. The contract of shipment contained the following provisions:

"The said owner and shipper do hereby assume (and release the said railroad from) all injury, loss and damage or depreciation, which the animals, or either of them, may suffer in consequence of either of them being weak, * * * * and from all other damages incidental to railroad transportation, which shall not have been caused by the fraud or gross negligence of said railroad company. And it is further agreed, that the said owner or shipper is to load, transfer and unload said stock (with the assistance of the company's agent or agents) at his or their own risk. And it is further agreed that, ' . case of accidents to, or delays of time from any cause whatever, the owner and shipper is to feed, water and take proper care of the stock at his own expense. And it is further agreed, that while the company's employés shall provide the owner or person in charge of the stock all proper facilities on trains and at stations for taking care of the same, the business of the company shall not be delayed by the

Southwestern Railroad *vs.* Thornton.

detention of trains to unload and reload stock for any cause whatever."

Under the charge of the court, the jury found for plaintiff $250.00, and defendant excepted and assigned the following among other errors:

(1.) Because the court charged as follows : " The defendant replies to these claims, first, that the written contract, shown and admitted to be the only one under which the mules were undertaken to be brought to Dawson, was expressly made between the plaintiff and the Central Railroad Company, and that the Southwestern Railroad Company was no party to it, and therefore cannot in this suit be made liable for any violation of said contract, or for any neglect or inattention to the mules' during transportation. On this point, gentlemen, the court charges you that the Southwestern Railroad Company, owning part of the line between Atlanta and Dawson, over which this transportation had to be made, and whose road was conceded to be under the control of the said Central Railroad Company as lessee, it is implied in this contract that it was made for both of said companies relatively to the service that each was to render ; and to that extent the Southwestern Railroad Company is to be considered so much a party to said contract as to be liable for such damages as are here set up to have occurred on its road, provided the plaintiff has the right to recover from either of the roads."

[It was conceded that defendant made the admissions stated.]

(2.) Because the court charged as follows: " Secondly, the defendant claims that by the express terms of the contract the plaintiff released the railroad company from liability for damages for delay in transportation, and from neglect of feeding, watering and proper attention to the stock during the delay, and assumed the duty to see to the due care of the stock throughout the route. On this point the court charges you that if the said railroad company had correctly shipped and consigned the mules to the plain-

Southwestern Railroad *vs.* Thornton.

tiff at Dawson, and delay had occurred along the route, the company might have claimed freedom from liability to such damages during the delay. But if, as is conceded by the defendant, the company's employés in Atlanta erroneously shipped and consigned the mules to Americus instead of Dawson, and by reason of such error the stock was taken off and delayed at Americus, then such delay could not be held to be delay occurring in the line of fulfilment of the contract. It was delay caused by such a violation of the contract of the shipper as would relieve the plaintiff from the obligation to attend upon the stock, and make it the duty of the company to take needful care of the mules during the delay. If, then, upon such erroneous shipment several days' delay occurred at Americus and between arrival there and arrival at Dawson, and if during that delay the mules were damaged by want of food and water and by want of needful care, for such damage the defendant is liable."

S. C. ELAM, for plaintiff in error.

T. H. PICKETT; J. G. PARKS, by J. H. GUERRY, for defendant.

HALL, Justice.

Another case growing out of the transaction which gave rise to this, has been twice before this court, and as it seems to us, effectually disposes of every question made by this record, as to the relative rights and duties of the parties to the contract for transportation. *Bryant & Lockett vs. Southwestern Railroad,* 67 *Ga.,* 212; 68 *Ib.,* 805.

We are not impressed with the view that where one common carrier enters into a contract to transport livestock over its own road and a part of the road of another company which is under its control and management, and that damage is done to the stock while in the custody of the latter company, through its negligence and inattention,

the owner is confined to a suit upon the contract against the company making it for redress of his wrongs, and can not maintain an action against the company inflicting the injury. The violation of any specific duty, whether it arises from the law or flows from relations created by contracts, express or implied, accompanied with damage, gives a right of action; and when the transaction partakes both of the nature of a tort and a contract, the party complainant may waive the one and rely solely upon the other. Code, §§2954, 2955; see in connection *Ib.*, 2951; 49 *Ga.*, 208; 52 *Ib.*, 466. In this case the contract was made with the Central Railroad and Banking Company. No contract was made with the Southwestern Railroad Company, to which the stock was delivered in good order, and while in its custody was injured by the negligence of its agents and employés. It is not necessary to decide whether the plaintiffs had an action against the Central Railroad Company on account of this injury. It is quite sufficient for all purposes, to show that the other company was liable, and that the plaintiffs could elect against which of two joint wrong-doers they would proceed. Code, §3012; *Graham vs. Dahlonega Gold Mining Company*, September term, 1883, not yet published. The adjustment of damages between the defendants is no concern of the plaintiffs. The law makes ample provision for this. Code, §§3075, 3076. The only difference between this case and the others cited, is that in them the mules were carried beyond, and in this were stopped short of, the place to which they were consigned, in both instances the mules were taken out of the custody of the party appointed to take charge of their feeding, etc. The damages complained of were admitted to have been done after the mules were taken from the custody of this person.

Judgment affirmed.