BOAZ & CO. *v.* THE CENTRAL RAILROAD CO.

1. The shipper of live stock by railway, under a special contract in which he agrees that " in case of accidents to or delays of time from any cause whatever" he " is to feed, water and take proper

87b 463
89  260

87b 463
111  865

87  463
Case 2
115  364
.115  424

87  463
Case 2
119  373

87  463
Case 2
129  477

care of the stock at his own expense," cannot recover damages resulting from his own failure to perform his part of the contract, although the company may have consumed more time than necessary in effecting the transportation. There might be damage from such delay by increasing the expense of the shipper or by some loss to him in consequence of the change of market value, but the deterioration in the condition of the animals from lack of food, water and attention, would not result from the delay, but from the negligence of the shipper.

2. Where there is a special contract varying the liability of the carrier, the action is properly brought on the special contract and not on the general liability.

July 8, 1891. By two Justices.

Railroads. Contracts. Carriers. Negligence. Before Judge BOWER. Dougherty superior court. October term, 1890.

Reported in the decision.

D. H. POPE, for plaintiffs.

R. F. LYON and W. T. JONES, for defendant.

BLECKLEY, Chief Justice.

1. Where parties dealing with each other enter into a lawful contract touching a given transaction, the terms of that contract are the law of the transaction, as between themselves. Their rights and obligations are measured by their own stipulations. Here there was a written contract; the animals were shipped at a reduced rate; the owner was allowed free transportation for himself or his agent; and the owner or shipper agreed on his part to assume all risk incident to railroad transportation not occasioned by negligence of the company, and "in case of accidents to or delays of time from any cause whatever . . to feed, water and take proper care of the stock at his own expense." According to the evidence, there was delay from some cause not explained, and the deterioration of the animals in condition and value resulted chiefly if not exclusively from lack of food, water and due attention pending this delay. The owner or shipper did not go along with the

stock or upon the same train, nor send an agent. The contract obligation to " feed, water and take proper care of the stock " was wholly disregarded, and yet the complaint is that the animals suffered for the want of food, water and attention, and were thereby damaged. The theory of the plaintiff seems to be that if there had been no delay there would have been no need for food and water *en route*, and consequently no damage from his failure to furnish the same. · But it was foreseen that there might be delay, and the contingency was provided for by mutual agreement, the terms of which cast the duty on the owner or shipper to feed and water in case of delay from any cause. Manifestly, the non-performance of this duty was the proximate cause of the damage.

2. As there was a special contract substituting a conventional for the ordinary liability of the carrier, the action, as ultimately shaped by amendment to the declaration, was properly rested on the special contract. After the plaintiff's evidence disclosed that the shipment in question was not made under the general law applicable to common carriers, it would be obviously unjust to measure the duty and obligations of the carrier by that law instead of by the stipulations of the parties embodied in their express contract. Had the plaintiffs refused to amend, and stood upon their declaration as originally framed, counting in tort upon the public duty of the carrier, they could have pursued that course, but the defendant would have been allowed to set up the special contract and take the benefit of it in that way. *S. W. R. R. Co.* v. *Thornton*, 71 *Ga.* 61; Bliss on Code Pl. §14; 2 Am. & Eng. Ency. Law, 903; 1 Bates Pl. Part. & Forms, 372; Oxly v. Railway Co., 65 Mo. 629.

*Judgment affirmed.*