## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* EARLE.

1. Prior to the act approved December 13, 1902 (Acts 1902, p. 117), if a defendant in a suit brought in the city court of Atlanta failed to file his defense on or before the first day of the term to which the suit was returnable, he lost his right to file any defense to the suit, and the judge had no authority to allow him to do so.

2. Where the plaintiff in such a case entered into an agreement, which was entirely devoid of consideration, that a plea and demurrer which were in reality filed on the second day of the term might be filed as of date the first day of the term, such agreement was revocable at the will of the party making it.

3. Suit was filed against the Southern Bell Telephone and Telegraph Company, and the defendant properly served.    The return of service recited that the officer had " served the defendant, Southern Bell Telephone Company,". by serving its superintendent, naming him.    Subsequently the return was, by leave of court, amended so as to set out the name of the defendant corporation correctly.    *Held*, that the original return was valid, and did not need amendment ; and the defendant was not excused from filing its defense until after the return had been amended.

4. In a suit for unliquidated damages, brought in the city court of Atlanta, where the defendant fails to file any defense within the time required by law, he is precluded from contesting his liability as set out in the petition, and the only question to be determined by the jury is the amount of damage which the plaintiff has sustained.

5. Where a petition is ambiguous in failing to make clear whether the cause of action declared on is one sounding in contract or in tort, but no demurrer is filed, and the allegations and prayers of the petition, taken all together, manifest that it was the intention of the plaintiff to sue for a tort growing out of the breach of a contract, it is not error to treat the suit as an action ex delicto, and to charge, where the evidence warrants it, the law as to punitive damages.    Nor is it cause for a reversal in such a case, where no plea has been filed within the time required by law, to charge that in any event the plaintiff would be entitled to nominal damages, it clearly appearing that such a charge, whether strictly correct or not, could not have been harmful to the defendant.

6. In the trial of an action for damages growing out of the breach of a duty arising from a contract, where, owing to the defendant's failure to plead, his liability is incontestably established, it is not error to charge the jury that the plaintiff is entitled to recover for all the damage sustained by him up to the time of the trial.

Argued June 29, — Decided August 13, 1903.

Action for damages.    Before Judge Reid.    City court of Atlanta. October 24, 1902.

*Burton Smith, Dorsey, Brewster & Howell, George Gordon,* and *Arthur Heyman,* for plaintiff in error.

*E. T. Williams, E. D. Thomas,* and *Westmoreland Brothers,* contra.

CANDLER, J.    The petition filed by the plaintiff in the court below was, in substance, as follows:    On or about December 20, 1901, petitioner signed a contract with the Southern Bell Telephone and Telegraph Company, a New York corporation with main offices in Atlanta, Ga., by the terms of which the company

bound itself to furnish him with a telephone at Kirkwood, Ga., at $5.25 per month. Petitioner is and was doing a general merchandise and grocery business at Kirkwood, and is largely dependent upon the Bell telephone service for orders from his customers. The defendant company violated its contract, and refused to allow him the use of its telephone system. Petitioner has several times offered to pay for the use of the telephone, but the company has declined to furnish him with telephone service unless he pays it thirty dollars due it by one Coffee, who formerly occupied the premises where petitioner's store is now located. Petitioner has nothing to do with Coffee's debts, and is in no way responsible for them. He is unable to set out a copy of the contract referred to, but the defendant has a copy, and he prays oyer of the contract from the defendant. It was alleged that the petitioner had been greatly damaged by reason of the violation of the contract, owing to the fact that his customers could not communicate with him, and that he had been greatly humiliated, on account of the impression which had been made on his customers that he had not sufficient capital to enable him to carry on his business. The conduct of the defendant was alleged to have been willful and wanton, and the petition prayed for punitive, as well as actual damages. This petition was filed in the clerk's office on February 20, 1902, and was made returnable to the May term, 1902, of the city court of Atlanta. The entry of service was in the following language: "Georgia, Fulton county. Served the defendant, Southern Bell Telephone Company, a corporation, by serving R. L. West, supt., by leaving a copy of the within writ and process with him in person, at the office and place of doing business of said corporation in Fulton county, Georgia. This February 21st, 1902." On June 25, 1902, the court allowed the officer to amend his entry of service, as follows: "I hereby amend my entry of service in this case by adding after the word 'Telephone' and before the word 'Company,' the words 'and Telegraph.' This June 25, 1902."

The May term, 1902, of the city court of Atlanta began on May 5, and on that day no plea or demurrer to the petition had been filed. On May 6, 1902, the defendant filed in the clerk's office a plea and a demurrer, and an agreement was entered into between counsel for both sides, as follows: "It is agreed that the plea and demurrer in the above-stated case shall be filed as of date May 5th,

1902. This May 6th, 1902." In accordance with this agreement, the entry of filing on the two papers was dated May 5, 1902. Subsequently, and before the case came on to be tried, counsel for the plaintiff withdrew his consent that the plea and demurrer should be filed as of date May 5, and so notified opposing counsel and the court, and at the trial he made a motion to strike the plea and demurrer, which was granted. Evidence was then introduced by the plaintiff to prove the amount of his damages. The defendant offered no evidence, but, at the conclusion of that introduced by the plaintiff, moved to grant a nonsuit, "on the ground that the plaintiff had not made out his case, had not proved the material allegations of his petition, and had not shown the right to recover any damages." The court declined to grant a nonsuit, and made the following statement in the presence of the jury: "I think there is a contract alleged, and the refusal to let him use the telephone after making the contract, and the only thing to be inquired about is the damages. He alleges that the contract was violated, and that means a breach of it. What I rule broadly is, that the question of liability can not be contested; that the allegations set forth entitle him to recover under the law; so I shall tell the jury that the allegations set forth entitle him to recover, provided he proves any damages." The instructions given by the court to the jury were substantially in accordance with the ruling announced. The plaintiff obtained a verdict for $1,000 damages, and the defendant brought the case to this court by direct bill of exceptions.

1–3. It is, of course, apparent that the agreement of counsel for the plaintiff that the defendant's plea and demurrer should be filed as of an earlier date than that upon which they were in reality filed, being wholly without consideration, was revocable at will, and indeed it was not urged in this court that the court below should have allowed those papers to be filed on account of that agreement. It is equally clear that, in the absence of some legal excuse for not filing its plea and demurrer on the first day of the May term, the defendant could not, under the law as it then existed, file them at a later day. *Dodson Co.* v. *Harris*, 114 *Ga.* 966. It is contended, however, by counsel for the plaintiff in error, that the petition showed that no legal return of service had been made prior to the filing of the plea and demurrer; that, under the ruling of this court in the cases of *Callaway* v. *Douglasville College*, 99 *Ga.* 623, and

*News Printing Co.* v. *Brunswick Publishing Co.*, 113 *Ga.* 160, the defendant was not required to plead until a legal return of service had been made; and that as its plea and demurrer were filed before the amendment to the sheriff's return, they were timely and should not have been stricken. If it be conceded that the original return made by the sheriff was not a legal return, and that the amendment which was allowed was necessary to make it such, this argument must be admitted to have considerable force.    We are of the opinion, however, that there was no defect in the return as originally made.    It would have been sufficient if the return had been:  "Served the defendant [without giving its name] by serving R. L. West, Superintendent," etc.    *Odom* v. *Causey*, 59 *Ga.* 607; *Peel* v. *Bryson*, 72 *Ga.* 332.    It would seem, therefore, that the words, "Southern Bell Telephone Company," being unnecessary, may be treated as surplusage, and the fact that this surplusage stated the defendant's name only in part will not render the return invalid.    It follows that it was not error to strike the plea and the demurrer, as they were filed after the first day of the return term and a legal return of service had been made on the day after the petition was filed in the clerk's office.

4.    The case being in default, the defendant could not contest the question of its liability, which was fully and clearly charged in the petition.    The only question to be submitted to the jury was that of the amount of damages, and the court did not err in so charging.    Civil Code, § 5073.    On this point the case of *Lenney* v. *Finley*, 118 *Ga.* 427, is controlling, and further discussion of this branch of the case is unnecessary.

5.    The bill of exceptions also complains of the charge of the court on the law as to punitive damages, and of the further charge that "in any event the plaintiff would be entitled to recover general damages,— that is, such damages as would naturally flow from the wrong act of the defendant; and this could be done without proof of any actual amount."    In the brief of counsel for the plaintiff in error it is urged that these charges are inconsistent and necessarily erroneous; that "to charge punitive damages implies a suit on a tort, while to charge nominal damages implies a suit for breach of contract.    If the suit was based on tort, then the plaintiff could only recover actual damages, unless he showed aggravating circumstances.    If the suit were for a breach of contract, the

plaintiff could under no circumstances recover punitive damages."
Technically speaking, it must be admitted that the petition is more
or less ambiguous. A contract to furnish telephone service is al-
leged, and a breach of that contract. Taking the allegations of
the petition all together, however, we think it is clear that the
plaintiff is seeking to recover damages on account of a breach of
the duty owed him by the defendant, and that the action should be
treated as one of tort. In·this respect the case at bar is very sim-
ilar to that of *Seals* v. *Augusta Southern R. Co.*, 102 *Ga.* 817,
where it was held that although the petition set forth in general
terms a contract of carriage and alleged facts showing a breach
thereof, it should be treated as an action ex delicto, because it was
manifest from the allegations and prayers of the petition, taken all
together, that the plaintiff was seeking a recovery because of the
defendant's breach of duty, and not on account of its breach of the
contract. See also *Cooper* v. *Portner Brewing Co.*, 112 *Ga.* 899;
*Aiken* v. *Southern R. Co.*, 118 *Ga.* 118. In this view of the case, it
was not error to give in charge to the jury the law relating to pu-
nitive damages, especially in view of the evidence that the defend-
ant's agents invaded the plaintiff's premises in his absence and
without his consent, and took the telephone away. *City and
Suburban Ry.* v. *Brauss*, 70 *Ga.* 368. Whether or not the charge
as to nominal damages was erroneous we do not deem it necessary
to decide, because, in the light of all the circumstances, the charge
complained of could not have hurt the defendant. We will note
in passing, however, that in the case of *Smith* v. *Eubanks*, 72 *Ga.*
289, which was an action for damages for breach of a contract of
lease, the trial court charged that "if plaintiffs were ejected, and
in that act defendants made a second breach, in finding nominal
damages you can consider the oppressiveness of defendants' action
in this second breach, if you believe there were breaches and there
was oppressiveness in the second breach." This charge was held
to be erroneous, on the ground that there was no evidence to sup-
port a finding for exemplary damages, but it was not intimated
that a charge as to both nominal and exemplary damages would
be inapplicable in such a case.

6. The only remaining assignment of error is that which com-
plains of the following charge of the court: "If you believe there
has been a loss, as the plaintiff contends for, in his business, on ac-

count of loss of customers, on account of his having to come to market, and the amount is shown you with sufficient certainty,, under the instructions already given, you may consider that from the date of the alleged wrong up to this date, the time of this trial." The exception to this charge is, " that if, in any event, the plaintiff were entitled to recover, he could not recover beyond the time when he filed the suit." There is no merit whatever in this contention. "Loss or damage accruing subsequent to the suit may be recovered where they are the mere incident or accessory of the principal thing demanded, and another action could not be maintained for them, or, as Lord Mansfield expresses it, . . 'where no satisfaction can be had for them by a new suit.'" *Savannah Canal Co.* v. *Bourquin,* 51 *Ga.* 389. The charge complained of was not objectionable.        *Judgment affirmed.    By five Justices.*