[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15376
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00558-WSD


CHET HERYTEK,

Plaintiff - Appellant,

versus

MOMENTIVE PERFORMANCE MATERIALS USA, INC.,

Defendant,

JOHN DOE 1-5,
MOMENTIVE SPECIALTY CHEMICALS, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Chet Heretyk[1] was seriously injured when a gust of wind blew him off the top of a trailer. He contends that Momentive Specialty Chemicals, Inc., parked the trailer in a location where it was unusually exposed to the wind and negligently failed to safeguard him against that danger.

I.

Heretyk worked as a truck driver for Enterprise Transportation Company.[2] On January 17, 2010 Enterprise sent Heretyk to Momentive's manufacturing facility in Forest Park, Georgia to pick up a tank wagon trailer that was loaded with chemicals and told him to transport it to Indiana. When Heretyk arrived at Momentive's facility, he noticed that the trailer he was supposed to transport was parked in a different place than the normal "staging area" where trailers were usually parked in preparation for moving. Instead of being parked in an open area next to the other trailers that were waiting to be picked up, the trailer was parked parallel to a building. The rear of the trailer was sticking out past the edge of the

---

[1] The spelling of Heretyk's name is inconsistent in the record. We use the spelling that he gave during his deposition.

[2] Because Momentive moved for summary judgment, we present the facts in the light most favorable to Heretyk. See Univ. of Ala. Bd. of Trs. v. New Life Art, Inc., 683 F.3d 1266, 1271 (11th Cir. 2012) (stating that when reviewing a district court's order on summary judgment, we view the evidence in the light most favorable to the non-moving party).

building and protruding into an alleyway that ran perpendicular to the side of the trailer.[3]

Heretyk approached the trailer to conduct a pre-trip inspection, as required by federal regulations and Enterprise's policy.  As part of the inspection, he was supposed to inspect the valves on top of the tank to make sure that they were all closed.  To do that, he had to climb a ladder that was attached to the trailer and then walk along a narrow catwalk at the top of the trailer.  Enterprise's policy did not require—and its drivers typically did not use—any personal protective equipment during the pre-trip inspection except for shoes, a hard hat, safety goggles, and gloves.

Heretyk was wearing only that safety equipment when he climbed on top the trailer.  As he walked from the front to the rear of the trailer along the catwalk about 12–13 feet above the ground, Heretyk walked past the edge of the building and a strong gust of wind came through the alleyway, causing him to lose his balance and fall to the ground.  He suffered serious injuries to his back, ribs, pelvis, and feet from the fall.  He has no memory of the fall or the early stages of his recovery.

---

[3] Momentive contends, and the district court found, that no evidence in the record supported the inference that the trailer was protruding past the edge of the building and into the alley.  We disagree.  Heretyk testified that: "[T]his trailer was out in the open by the corner of the building.  And one thing I didn't notice was the part of the trailer was a little behind the building."  There is also testimony that the trailer was parked parallel to a building with the rear of the trailer near the alley at the edge of the building.  From that evidence, a jury reasonably could infer that the rear of the trailer was protruding past the edge of the building into the alley.

Heretyk sued Momentive in Georgia state court, alleging that it was negligent because it failed to safeguard him against the danger of falling caused by the way the trailer was parked. Momentive removed the case to federal court and moved for summary judgment, contending that it did not owe Heretyk a duty to safeguard him from falling off the trailer. The district court granted Momentive's motion and this is Heretyk's appeal.

## II.

We review <u>de novo</u> a district court's decision to grant summary judgment, viewing the evidence and drawing all inferences in the light most favorable to the non-moving party, who in this case is Heretyk. <u>Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.</u>, 683 F.3d 1266, 1271 (11th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986) (quotation marks omitted).

To prevail on his negligence claim, Heretyk must prove four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. <u>Rasnick v. Krishna Hospitality, Inc.</u>, 713 S.E.2d 835, 837 (Ga. 2011). The district court granted

4

summary judgment to Momentive because it concluded that Momentive had shown that there was no genuine issue of material fact as to whether it owed a duty to safeguard Heretyk from falling off the trailer.  Heretyk, however, contends that Momentive owed him a duty because he was an invitee on premises that were owned or occupied by Momentive. Momentive concedes that Heretyk was an "invitee" on property under its control at the time he fell from the trailer.

Under Georgia law, "an owner or occupier of land . . . is liable in damages to [an invitee] for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."  Ga. Code Ann. § 51-3-1.  An owner or occupier of land, however, "is not an insurer of an invitee's safety."  Gaydos v. Grupe Real Estate Investors, 440 S.E.2d 545, 547 (Ga. Ct. App. 1994).  As a result, "an invitee must exercise ordinary care to avoid the consequences of any such negligence on the part of an owner/occupier, and the failure to do so bars an invitee's recovery."  Id.  And an owner or occupier of land has no duty to warn an invitee about dangerous conditions on the land unless the owner or occupier "ha[s] actual or constructive knowledge of a dangerous condition and . . . [the invitee], in the exercise of ordinary care, lack[s] knowledge of the dangerous condition."  Whitley v. H & S Homes, LLC, 632 S.E.2d 728, 729 (Ga. Ct. App. 2006).  The rule requiring that the invitee lack knowledge of the dangerous condition exists because "[t]he true basis for an owner's liability is his superior knowledge of the

5

existence of a condition that could subject his invitees to an unreasonable risk of injury." Id. (quoting Garrett v. Hanes, 616 S.E.2d 202, 204 (Ga. Ct. App. 2005)).

Heretyk admits that at the time of the accident he knew that climbing to the top of a trailer and walking along the catwalk was dangerous. In his deposition, he acknowledged that "you could get killed if you fell off" the top of the trailer. He also stated that there "always exists" a risk of injury when working at a height of 12–13 feet above the ground. The fact that Heretyk knew of that danger normally would mean that Momentive had no duty to safeguard him against it. See Barnes v. Morganton Baptist Ass'n, 703 S.E.2d 359, 361–62 (Ga. Ct. App. 2010) (holding that a landowner owed no duty to safeguard against falling from a retaining wall when an invitee knew that falling from the wall was dangerous).

Heretyk claims, however, that he did not know that part of the trailer was protruding past the edge of the building, which exposed it to the wind. He contends that the way the trailer was parked created a "unique hazard" of which Momentive had "superior knowledge," giving rise to a duty to safeguard under Georgia law. See, e.g., Dickerson v. Guest Services Co. of Va., 653 S.E.2d 699, 700 (Ga. 2007) ("[A] proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm.") (emphasis added and quotation marks omitted); Tyree v. Westin Peachtree, Inc., 735 S.E.2d 127, 130 (Ga. Ct. App. 2012) (holding that summary judgment is inappropriate in a

6

premises liability case when "[t]he evidence . . . raise[s] a factual question as to whether [the defendant] had superior knowledge of the alleged defect").

Momentive argues that Heretyk has not shown a genuine issue of material fact as to whether it had superior knowledge of the added danger because of where the trailer was parked. We agree. In his reply brief, Heretyk cites the following evidence of Momentive's knowledge of the danger: (1) a Momentive employee parked the trailer; and (2) that employee had driven through the alley shortly before Heretyk began the pre-trip inspection and knew it was windy. Viewed in the light most favorable to Heretyk, that evidence suggests only that a Momentive employee knew where the trailer was parked and knew that it was windy in the alley near the trailer. There is no evidence that the employee observed that part of the trailer was protruding into the alley and no evidence that the employee knew that any part of the trailer was especially exposed to the windy conditions. Accordingly, the evidence does not create a genuine issue of material fact about whether Momentive through an employee had superior knowledge of the added danger because of where the trailer was parked. There is also no evidence that Momentive would have discovered that danger through the exercise of reasonable

7

care. For that reason, Momentive had no duty to safeguard Heretyk against the danger of falling off the trailer, and it was entitled to summary judgment.[4]

Heretyk suggests that the contract between his employer and Momentive created a duty to provide him with personal protection equipment when he was conducting his pre-trip inspection. Under Georgia law, however, breach of a contractual duty generally cannot give rise to a tort claim. See Walton Elec. Membership Corp. v. Snyder, 508 S.E.2d 167, 168 (Ga. 1998). Although Georgia courts have recognized certain limited exceptions to that rule, see id. at 168–69, Heretyk does not cite any authority, and we have not found any, that creates an exception applicable to the facts of this case. In the absence of a genuine issue of material fact about whether Momentive owed Heretyk a duty to safeguard him from falling off the trailer, Momentive was entitled to summary judgment.

   **AFFIRMED**.

---

[4] Because we conclude that Momentive had no duty to safeguard Heretyk against the danger of falling off the trailer, we do not address Momentive's alternative argument that it is not liable because Heretyk voluntarily assumed the risk. We also do not consider Heretyk's argument that the district court improperly excluded the deposition testimony of his proposed expert witness on the standard of care. That evidence goes to breach of duty and would not affect our conclusion that Momentive owed Heretyk no duty.